**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alejandro CRUZ, Defendant–Appellant.**

No. 05–10580
**Non–Argument Calendar.**
D.C. Docket No. 04–00368–
CR–T–26–TGW.

United States Court of Appeals,
Eleventh Circuit.

Dec. 15, 2005.

R. Fletcher Peacock, Mark Rankin, Tampa, FL, for Defendant–Appellant.

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Alejandro Cruz appeals his 168-month sentence for possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Cruz argues that the district court's imposition of a 168-month prison sentence was unreasonable, in light of sentencing factors in 18 U.S.C. § 3553(a) and in light of the holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). According to Cruz, post-*Booker*, federal district courts must consider the factors provided in § 3553(a), starting with the minimum sentence permissible, and only adding to the sentence so as to comply with the punitive, protective, and rehabilitative purposes of § 3553(a). Cruz suggests that reasonable people would agree that 140 months is enough incarceration to reflect the seriousness of the crime while also providing Cruz with some education and training.

Under *Booker*, we review a defendant's ultimate sentence for "unreasonableness." 543 U.S. at ——, 125 S.Ct. at 765. Specifically, the United States Supreme Court has directed sentencing courts to consider the following factors in imposing sentences under the advisory Guidelines's scheme:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established ... [from the Guidelines]; and (5) any pertinent policy statement ... issued by the Sentencing Commission....

18 U.S.C. § 3553(a); *Booker*, 125 S.Ct. at 765-66.

We have held that, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324 (11th Cir.2005). The § 3553(a) factors serve as guides for the district and appellate courts in determining whether a sentence is reasonable. *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir.2005). However, we have declined to hold sentences within the Guidelines's range *per se* reasonable. *Id.*

In this case, the record reflects that the district court consulted the Guidelines and the factors set forth in 18 U.S.C. § 3553(a). Because we conclude that Cruz's ultimate sentence was reasonable in light of *Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and § 3553, we affirm.

AFFIRMED.